Mobile & Ohio R. R. Co. *v.* Tupelo Furniture Mfg. Co.

| 67 | 35 |
| 87 | 811 |

Carriers.  *Connecting lines.  Damages.  Presumption.*

> Where goods shipped over connecting lines are delivered to the consignee in a damaged condition, and it is proven that they started on their journey in good condition, the carrier thus delivering them to the consignee will be liable for the damage, unless it shows that the injury did not occur through its fault.

From the circuit court of Lee county.

Hon. Lock E. Houston, Judge.

The car-load of machinery in question was shipped from Grand Rapids, Michigan, to Tupelo, Mississippi.  The proof shows that the machinery was delivered in good order to the Chicago & Western Michigan R. R. Co. at the place of shipment, and after being carried over that and other lines, was received by the appellant, the Mobile & Ohio R. R. Co., at St. Louis, and by it was transported to Tupelo, Miss., its destination.  When the machinery was delivered by the last-named company to the appellee it was

found to be damaged, and parts of the machinery were broken and displaced. Appellee, being unable to locate where the injury occurred, brought this suit against the Mobile & Ohio R. R. Co. to recover the damages sustained.

The consignors testified that the machinery was properly packed in the car.

The defendant introduced the evidence of its several conductors who had charge between St. Louis and Tupelo of the trains that hauled the car containing the machinery, and they testified that the car was conveyed in the usual way all along the route while under their supervision, but they admit that it was handled by other employés of the said company at the switch-yards in Cairo, Ill., and in Jackson, Tenn., and they know nothing of how it was treated by them. The car was sealed by the Chicago & Western Michigan R. R. Co., and when delivered at Tupelo the seal was unbroken, and the evidence seems to show that the injury occurred from a shock from the outside of the car.

For the plaintiff the court gave among others the following charges :—

1. " The court charges the jury for the plaintiff that the liability of the defendant, the M. & O. R. R. Co., attached when the machinery passed with its assent into its possession, and even if the goods were defectively packed and the M. & O. R. R. received them in that condition without exercising its right of refusal, it is liable for whatever damage the machinery had received, unless it can show by direct and satisfactory evidence that the damage did not occur upon its line.

2. " The M. & O. R. R. is a common carrier and therefore an insurer of property carried, and upon it rests the duty of seeing that the goods shipped are properly packed in suitable conveyances, and if by its failure and neglect to do this, the goods shipped are damaged, it becomes liable to the owner thereof, the Tupelo Furniture Manufacturing Company, for whatever damage the goods sustain."

The defendant asked several instructions to the effect that plain-

tiff could not recover unless it showed that the injury occurred on the line of defendant's road, but these were refused by the court.

Plaintiff had judgment, and after motion for new trial overruled defendant appealed.

*John A. Blair,* for appellant.

This court is called on for the first time to pass upon the question whether the last of several connecting carriers is liable for goods delivered by it in a damaged condition where the only evidence beside the fact of damage is that they were shipped in good order.

That it is not so liable, see *Marquette, etc., R. R. Co.* v. *Kirkwood,* 45 Mich. 51, reported in 72 Am. Dec. 246 ; *Knight* v. *R. R. Co.,* 13 R. I. 572. The presumption against the last carrier is too slight to have any material weight. Best on Ev., §§ 318, 319, and 2 Best on Ev., p. 573. This presumption would be overcome by the stronger one that every person is presumed innocent of wrong or tort. Best on Ev., § 334 ; 1 Greenleaf, § 34; *Wilkie* v. *Collins,* 48 Miss. 496. Presumption in favor of duty. *Graham* v. *Fitts,* 53 Miss. 307.

But, if the burden was on appellant to exculpate itself, it did so in this case as every conductor in charge of the car testified that nothing unusual happened to it.

*E. L. Russell,* on same side.

*Allen, Robins & Stribling,* for appellee.

While the authorities are conflicting, the great weight of opinion is in favor of the rule that the carrier delivering damaged goods must show that the damage did not happen on its line if it be shown that they were started in good order. *Laughlin* v. *Chicago, etc., Ry. Co.,* 28 Wis. 204 ; *Leo* v. *St. Paul, etc., Ry. Co.,* 30 Minn. 438. The rule is not changed because the last carrier receives the goods in a foreign sealed car and so transports them. Ib. See also *Hannibal R. R.* v. *Swift,* 12 Wall. 262 ; 31 Am. Rep. 356. The defendant utterly failed to rebut the presumption.

Campbell, J., delivered the opinion of the court.

The first and second instructions given for the plaintiff are

objectionable, but immaterial because not influential in determining the case, which is properly resolvable in view óf the facts by a resolution of the question; whether it devolved on the plaintiff to show that the damage to the property was done on the road of the defendant or on the defendant to show that it occurred before it received the goods for transportation. That is the only material question in the case.

We think the better reason and policy and the greater number of cases adjudged favor the rule to require the carrier which delivers goods damaged, and which are shown to have started on their journey over connecting lines of transportation in good condition, to exculpate itself from liability by showing that the injury did not occur by its default.

*Affirmed.*