JOHN T. RUSSELL ·ET. AL. *v.* MOBILE & OHIO RAILROAD COMPANY.

1. CARRIERS.   *Railroads.   Injury to freight.   Presumption.   Code* 1892, § 4301.

   Under Code 1892, § 4301, providing that if one common carrier receive freight from another for transportation and delivery in this state under any contract for continuous carriage, which reaches the consignee in a damaged condition, the last carrier shall, within thirty days after demand, furnish the consignee true copies of all records and memoranda touching the respective transfers and handling of the freight while in transit, and that otherwise it shall be presumed to have caused the damage, but proof shall be admissible to show damage, loss, or destruction by reason of the nature of perishable goods, and all damage not discoverable by outside inspection, the statutory presumption is conclusive, save in the two excepted cases.

2. SAME.   *Actions.   Instruction.*

   Where, in an action under the statute, there was evidence warranting a finding that the damage to plaintiff's shipment of fruit was due exclusively to long delay in shipment, and not at all to the nature

of the fruit as perishable, the court should have instructed that, if the jury believed, from a preponderance of the evidence, that the damage was due to the delay in shipment, and not to the nature of the fruit as perishable, they should find for plaintiff.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Russell and another, copartners, doing business under the name of Russell & Butler, the appellants, were the plaintiffs in the court below; the railroad company, the appellee, was the defendant there. From a judgment in favor of the defendant, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The action was for the value of certain fruit charged to have been so damaged in transit as to be unfit for use. The facts are stated in the opinion of the court.

*John D. McInnis, Jr.,* for appellants.

Is the presumption raised by Code 1892, § 4301, *prima facie* or conclusive?

It is worthy of remark that in the case establishing what the law was prior to the passage of Code 1892, § 4301, the Mobile & Ohio Railroad Company was defendant, and as to one of the material facts in that case, and in the case at bar, the parties plaintiff are in the same position: the plaintiff, being unable to locate where the injury occurred, brought this suit against the Mobile & Ohio Railroad Company to recover the damage sustained. In that case—*M. & O. R. R. Co.* v. *Tupelo Furniture Mfg. Co.,* 67 Miss., 35 (s.c., 7 South. Rep., 279)— the court say: "We think the reason and policy of the greater number of cases adjudged favor the rule to require the carrier which delivered goods damaged, and which are shown to have started on their journey over connecting lines of transportation in good condition, to exculpate itself from liability by showing that the injury did not occur by its default."

"A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition

or deficient quantity, will be liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he delivered them." Hutch. on Carriers, sec. 761.

There are numerous decisions that hold carriers, as to this through business, jointly liable as partners through the entire route. Angell on Carriers, 93, and cases cited; Story on Bailments, 506, and cases cited; 11 Wend., 571, 575; 19 *Ib.,* 329; 7 Rich., 201; 4 Seld., 37. To hold these associated companies severally liable on these through contracts springs from the necessity of the rule. *Wolfe* v. *Central R. R. Co.,* 6 Am. & Eng. R. R. Cas., 441; *Texas, etc., Ry. Co.* v. *Fort,* 9 Am. & Eng. R. R. Cas., 292.

The learned court below construed *Lamkin* v. *Railroad Co.,* 78 Miss., 502 (s.c., 30 South. Rep., 47), to apply only to the particular facts involved, and that the generality of the expressions used is confined and restricted by these facts—that is, the court below held that the supreme court did not mean what it said, or that the opinion applied only when the connecting lines were, by actual agreement so stating—practically so stating—partners. The syllabus of the case contains nothing more than what the case actually decides—not quite so full, of course, as the opinion: "If several railroads are under one management so as to constitute one system, or have through contracts by which their roads are held out to the public as a line for through transportation, they are jointly liable for damage to goods sustained while being carried over their line on a through shipment." The evidence shows that it had been the custom of the plaintiffs to handle their goods over this line; that there was a joint through rate; that the line was held out to them—they being members of the public—as a joint through line. To construe the case as the court below did denies absolutely that the law is a science; that this case is a mere independent journey of our supreme court, beginning nowhere, tending nowhere, and

meaning nothing as a precedent; that it is a mere judicial spark, a flash, and not a steady beacon.     Law is a science, a branch of inductive philosophy.     The courts are laboratories; the cases, the experiments.     The construction placed by the court below upon this case is nothing but a holding that the chief chemist has tried something new, something unknown to science, and not in accord with scientific principles; that he has tried to mix, chemically, oxygen and carbon dioxide, and has simply spoiled his oxygen.

The court means what it says: that the carriers are jointly liable on a through bill of lading.     Being jointly liable, if the plaintiffs had sued all of them under this decision, there could not be any doubt of their liability.     The Seaboard Air Line, The Atlantic Coast Line, and the Louisville & Nashville are foreign corporations; service of process could not have been had upon all of the defendants, and suit against one of them was all that was necessary.     The defendant, the appellee, is liable on its joint through contract.

*J. M. Boone,* for appellee.

The reporter has been unable to find the brief of counsel for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The plaintiffs, the appellants, purchased certain cases of oranges from parties in Plant, Florida.     The sale was made f.o.b., and plaintiffs paid the full amount of the purchase price in advance.     The oranges left the point of shipment on September 15, and, after having gone over the lines of four connecting carriers, arrived in Meridian, Miss., utterly rotten and unfit for use.     The evidence shows that reasonable time for shipment between Plant and Meridian, over this route, was about five days—from five to seven—and that fruit (oranges) had never before arrived in a damaged condition.     In this instance it was delayed for about fifteen days, and the jury might very well have

found that the damage to the oranges, in this instance, was due, not to their nature, as perishable, but to the delay. The bills of lading in this case were for through shipment from Plant to Meridian. The full freight rate was exacted and paid in advance. On the trial the appellee was permitted to interpose evidence, under Code 1892, § 4301, which evidence showed satisfactorily that the oranges had been damaged prior to their reception by the appellee, but failed to show on what road they were damaged. At the conclusion of the evidence both sides moved for a peremptory instruction.

The one side contended that the presumption raised by the statute (sec. 4301) was conclusive against appellee; the other, that it was only a *prima facie* presumption as against appellee. That section is in the following words: "If a common carrier receive freight for further transportation and delivery within this state from another carrier, on any contract, express or implied, for continuous carriage, and it arrive at the place of delivery in a broken or damaged condition, or some part thereof be lost or destroyed, it is the duty of the last carrier to obtain and furnish to the consignee, or other person interested, on demand, true copies of all notations, exceptions, records, and memoranda entered on the books of each carrier touching the receipt, transfer, and handling of the freight while in transit; and if such last carrier shall not so furnish the same within thirty days after demand, it shall be presumed to have caused such damage, loss, or destruction; but in case of damage, loss, or destruction of perishable goods, by reason of their nature, and of damage not discoverable by outward inspection, proof thereof shall be admissible."

The presumption raised by this statute is necessarily conclusive, save in two excepted cases. Where the statute provides that, in the two cases excepted, evidence may be admitted to rebut the presumption, it of course prohibits the introduction of evidence in any other cases. *"Expressio unius, exclusio*

*alterius.''*   The omission of the word "conclusively," in connection with the word "presumed," is more than made up for by stating that in only two cases should evidence be admitted to. rebut the presumption.   Another consideration shows this to be manifestly the true construction, which is that there was a *prima facie* presumption of liability on the part of the last carrier by the law as it stood before this statute; and it would have been an idle performance for the legislature to pass a statute simply to announce a rule already established by this court in *M. & O. R. R. Co.* v. *Tupelo Furniture Mfg. Co.,* 67 Miss., 35 (7 South. Rep., 279; 19 Am. St. Rep., 262); *Faison* v. *Railroad Co.,* 69 Miss., 569 (13 South. Rep., 37; 30 Am. St. Rep., 577).

There was evidence in this case from which the jury would have been well warranted in finding that the damage was due exclusively to the long delay in shipment, and not at all to the nature of the oranges as perishable.   The statute authorizes the admission of evidence only where the damage is due to the character of the product as perishable.   The court should have sent the case to the jury, with the instruction that if the jury believed from the preponderance of the evidence that the damage was due to the delay in shipment, and not to the nature of the oranges as perishable, then they should find for the plaintiff.

*Reversed and remanded.*