MRS. J. FRANK THOMPSON *v.* YAZOO & MISSISSIPPI VALLEY R. Co.

[61 South. 825.]

CARRIERS. *Connecting carriers. Furnishing notations. Code 1906, section 4853.*

Section 4853, Code 1906, providing that, if a common carrier receive freight for further transportation and delivery within this state from another carrier on any contract express, or implied, for continuous carriage, and it arrives at the place of delivery in a broken or damaged condition or some part thereof be lost or destroyed the last carrier shall on demand furnish the consignee, or other person interested, true copies of all

notations, etc., entered on the books of each carrier touching the receipt and handling of such freight in transit, has no application where the last carrier never received the property which is the subject of the suit.

APPEAL from the circuit court of Quitman county.

HON. SAM C. COOK, Judge.

Suit by Mrs. J. Frank Thompson against the Yazoo & Mississippi Valley Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. W. Mack* and *W. M. Donaldson*, for appellant.

Section 4853 of the Code of Mississippi 1906 provides "'If a common carrier receive freight for further transportation and delivery within this state from another carrier, on any contract, express or implied, for continuous carriage, and it arrive at the place of delivery in a damaged or broken condition, or some parts thereof be lost or destroyed, it is the duty of the last carrier to obtain and furnish to the consignee or other person interested on demand, true copies of all notations, exceptions, records and memoranda entered on the books of each carrier touching the receipt, transfers and handling of the freight while in transit; and if such last carrier shall not so furnish the same within thirty days after demand, it shall be presumed to have caused such damage, loss or destruction; but in case of damage, loss, or destruction of perishable goods, by reason of their nature, and of damage not discoverable by outward inspection, proof thereof shall be admissable." And by reason of the language of the statute above shown, it was contended by the appellant that proof of the loss or damaged condition of the shipment could not be introduced or heard upon the trial to rebut the presumption raised by the statute, because the statute in plain terms says "'It shall be presumed to have caused the loss, etc," but

in certain classes of shipments thereby expressly excepted, goes further and provides that proof shall be admissable, where the damage cannot be ascertained by outward inspection, thereby, by implication prohibiting the introduction of testimony in all other classes of cases. This shipment did not come within the class of cases specially excepted by the statute and therefore testimony should not have been introduced nor considered by the court to show that the damage occurred elsewhere than on the Y. & M. V. R. R. Company's lines, all proof to the contrary being cut off by the failure of the company to furnish the annotations and memoranda required of them according to the statute.

The language of the statute is mandatory. The words "shall be presumed" are conclusive, even in the absence of the implication raised by the remaining part of the statute (sec. 4853 Code 1906) and a like conclusive meaning was given to the interpretation of the bulk sales law. Chapter 100 Laws 1908 in section 1 of the act contains the exact language of the statute here discussed (sec. 4853 Code 1906) and the supreme court in construing the bulk sales law in the case of *Wm. R. Moore Dry Goods Co.* v. *Rowe, et al*, 97 M. 775, 53 So. 626 said: "The statute will have small effect, and fall far short of its purpose, if a noncompliance with its provisions may be obviated by evidence that the sale was made in good faith and for value, if it merely shifts the burden of proof; for under the law as it stood before, there was no great difficulty as a rule in making out a *prima facie* case of fraud. In construing a statute, the evil sought to be remedied must be kept in view, and if not violative of its plain provisions, it must be made to accomplish the purpose intended." And continuing the court says: "Evidence of good faith and payment of value will not be heard."

The cases cited in the above case of *Moore* v. *Rowe, et al*, all fully sustain the conclusion of our court in con-

struing the language used in the statute. It will be noted that the language of the two statutes are the same and the same as construed by the supreme court of Tennessee in the case of *Neas* v. *Borchas,* 109 Tenn. 398, and the whole reasoning of the case is peculiarly applicable to the instant case. The object in each instance being to correct a widespread evil, and hard to correct except the court give such construction to the statutes as will fairly accomplish the manifest intention of the legislature. There is no contention here as to any defect in the notice given to the agent of the railroad company, nor as to the proper amount of recovery, if recovery can be had under the law. In fact there is no other contention than that the court should or should not have heard evidence to overthrow the presumption raised by the statute in question. It is asserted by the appellant that such evidence should not have been considered, and by the appellee as vigorously denied. See also *Russlee* v. *Mobile R. R. Co.,* 40 So. 1015.

There might arise some question as to whether the statute applies to interstate shipments. If such question is contended for by the appellee, we only have to say that the question has never been directly passed upon by our court, but by implication was applied to interstate shipments in the case of *Threefoot Bros. & Co.* v. *N. O. & N. E. R. R. Co.,* 43 So. Rep. 303.

*Mayes & Mayes,* for appellee

The lost package, which is the one sued for, never came to the hands of the Yazoo & Mississippi Valley Railroad Company at all, and it is so expressly stipulated in the agreed state of facts

Not having received this package, therefore, the only question left in the case is whether the failure to respond to the notice under the statute makes the railroad Company defendant responsible in any way.

We submit that the statute has no application whatever to this case under the agreed state of facts.

In the case of *Threefoot Bros.* v. *R. R. Co.,* 89 Miss. 192, this statute is considered, and it was there held that it is a highly penal statute and when depended on as in the case at bar must clearly come within its terms. The statute does not apply to this case at all.

First. It does not apply because the Yazoo & Mississippi Valley did not receive this freight; and it is only in a case where the carrier actually received the freight that the statute applies. Its language is "If a common carrier receive freight for further transportation and delivery within this state," etc. The predicate of the whole statute is actual reception by the common carrier, and the law does not undertake to place such a burden of tracing on a carrier which is admitted not to have received the freight at all.

Secondly. Even if it be considered that the reception of the one package by the Yazoo & Mississippi Valley Railroad Company which it did receive out of the shipment of two, brought it within the terms of the statute, yet still the statute does not apply because such reception of freight according to the terms of the statute, must be within the limits of the state, and the only package which the Yazoo & Mississippi Valley Railroad Company did receive, was received in Memphis.

The language of the statute is, "If a common carrier receive freight for further transportation and delivery within this state from another carrier," etc. The expression in this phrase "within this state" belongs to the reception as well as to the further transportation and delivery.

The statute is penal, highly so, and must be narrowly construed. As this court said, the use of the word "further" in this connection indicates that the reception must be within this state, and it must be a reception for further transportation within this state.

Thirdly.   The statute does not apply because by its terms it never does apply to a case in which there is a total loss.   The very language of  the  statute  is this: ''And it arrive at the place of delivery in broken or damaged condition, or some parts thereof be lost or destroyed,'' etc., it is the duty of the carrier.

The thing must arrive by the very terms of the statute.   If it arrive in a broken or damaged condition, with some part of the thing lost or destroyed, the statute applies, otherwise not.

Fourthly.   But the full and complete answer to the whole proposition of the appellant is this:   The statute cannot apply in a case where it is admitted of record in that case that the carrier never received the property sued about.   For what is the consequence under the statute of not giving the notation called for?   It is this: ''And if such last carrier shall not so furnish the same within thirty days after demand, it shall be presumed to have caused such damage, loss or destruction.''

Observe the consequence of failure imposed by the statute.   The statute does not say that the carrier so failing to respond shall be liable for the property lost.   It says that the presumption shall be that it causes such damage or loss.   The statute is evidential purely.   But what does it amount to, this presumption raised by the statute, this rule of evidence, when, as in the case at bar, it has agreed on the record that in point of fact the property never came to the hands of the carrier so notified, and, therefore, it is in effect agreed on the record that it did not cause such loss.

If the case had been fought out before a jury in the usual way, this presumption might be invoked, we will say (if the statute otherwise applied) but here the trial was before the judge on an agreed state of facts, and there was a record agreement that in fact the carrier never had anything to do with this property.

Of course we submit in this state of the case, the statute can have no operation.

REED, J., delivered the opinion of the court.

This is a suit brought by Mrs. Thompson against the Yazoo & Mississippi Valley Railroad Company to recover the value of one box of pictures. It is claimed that the railroad company is liable because of its failure as the last carrier to furnish to the consignee, Mrs. Thompson, upon demand, true copies of all notations, exceptions, records, and memoranda entered on the books of each carrier handling the box of pictures, touching the receipt, transfer, and handling of the same, in accordance with the requirements of section 4853 of the Code of 1906. That section is as follows: ''If a common carrier receive freight for further transportation and delivery within this state from another carrier, on any contract, express or implied, for continuous carriage, and it arrive at the place of delivery in a broken or damaged condition, or some parts thereof be lost or destroyed, it is the duty of the last carrier to obtain and furnish to the consignee or other person interested, on demand, true copies of all notations, exceptions, records, and memoranda entered on the books of each carrier touching the receipt, transfer, and handling of the freight while in transit; and if such last carrier shall not so furnish the same within thirty days after demand, it shall be presumed to have caused such damage, loss, or destruction; but in case of damage, loss, or destruction of perishable goods, by reason of their nature, and of damage not discoverable by outward inspection, proof thereof shall be admissible.''

The case was tried before the judge in the absence of a jury upon an agreed statement of facts. The box of pictures was shipped from Kenton, Tenn., to Hinchcliffe, Miss. It was carried by the Mobile & Ohio Railroad Company to Humboldt, Tenn., where it was transferred to the Louisville & Nashville Railroad Company. By that company it was carried to Memphis, Tenn., and should in due course have been delivered to the Yazoo

& Mississippi Valley Railroad Company; but this was not done. Two boxes of pictures were shipped from Kenton, Tenn., and only one was delivered to the Yazoo & Mississippi Valley Railroad Company in Memphis, and that box was transported and delivered to final destination with due promptness and care.

Under the facts as presented in the record the statute does not apply to this case. This statute was considered in the case of *Threefoot Bros.* v. *Railroad Company,* 89 Miss. 192, 43 South. 303, and it was therein held that it was highly penal; it should, therefore, be strictly construed. The statute is made applicable to a common carrier receiving freight from another carrier for further transportation and delivery within the state. The undisputed facts in this case show that the Yazoo & Mississippi Valley Railroad Company did not receive the box which was lost in transit at all. The application of the statute is based upon the reception of the freight by the carrier. It certainly cannot apply where it is admitted that the carrier did not receive the lost freight.

The present case is unlike that of *Russell* v. *Railroad Company,* 87 Miss. 806, 40 South. 1015. In that case the freight was received at Meridian, the point of destination, in a damaged condition. The decision in that case cannot affect the present case because of the difference in the facts. Where it is admitted in the record that the last carrier never received the property which is the subject of the suit, there can be no liability against such carrier, and therefore no presumption of such liability.

*Affirmed.*