Z. W. JORDAN *v.* MISSISSIPPI CENT. R. R. CO.

[65 South. 276.]

1. CARRIERS.  *Carriage of goods.  Connecting carriers.  Injury to goods.
    Actions.  Evidence.  Code 1906, section 4853.  Laws 1908, chapter
    196.  Best and secondary evidence.  Notices.  Loss of primary
    evidence.  Clerks of courts.  Compensation.  Forfeiture of fees.*
    Where goods shipped over connecting lines are delivered to the
    consignee in a damaged condition, and it is proven that they
    started on their journey in good condition, the carrier thus
    delivering them to the consignee will be liable for the damages,
    unless it shows that the injury did not occur through its fault.

2. CONNECTING CARRIERS.  *Actions.  Evidence.*
    Where goods shipped over connecting lines were shown to have
    been delivered to the consignee in a damaged condition, it was
    error to exclude evidence that they were in good condition when
    delivered to the initial carrier, on the theory that delivery to the
    carrier was thereby assumed "without proof having been made,"
    such delivery having been shown by the bill of lading.

3. CARRIAGE OF GOODS.  *Connecting carriers.  Injury to goods.*
    The rule that a connecting carrier, delivering goods in a damaged
    condition which it received from the initial carrier in good con-

dition is liable therefor, unless it shows that the injury was not its fault, is not in conflict with Code 1906, section 4853, providing that if such a carrier fails to furnish certain records it shall be presumed to have caused the damage, since the statute merely makes a conclusive presumption under such circumstances, instead of a *prima facie* one.

4. EVIDENCE. *Best and secondary evidence. Notice to produce.*
Under Laws 1908, chapter 196, providing for the recovery of a penalty if the carrier failed to settle a claim after sixty days written notice, such written notice is the best evidence and evidence of its contents in the absence of proof of its loss or failure to produce after notice, is not admissible.

5. EVIDENCE. *Best and secondary evidence. Loss of primary evidence.*
Parol evidence of the contents of a letter is admissible when it is proven that the letter has been lost.

6. CLERKS AND COURTS. · *Compensation. Penalty and forfeitures of fees. Rule 1.*
When a clerk of the lower court fails to incorporate the bill of lading introduced in evidence in the lower court in his transcript to the supreme court, and gives no excuse for his failure so to do, under rule No. 1 of the supreme court, his fees for making up the transcript will be disallowed.

APPEAL from the circuit court of Lamar county.
HON. A. E. WEATHERSBY, Judge.

Suit by Z. W. Jordan against the Mississippi Central Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*J. T. Garraway* and *J. W. Shanks,* for appellant.

Appellee is trying to escape and evade the payment for the loss and damage of the goods, on the ground that the plaintiff below did not show that the appellee ever received the goods in good condition, or that it was their road on which the loss and damage occurred, and that if ·any contract to deliver the goods were made, it was with the I. C. Railroad and not the appellee and that they are not liable.

We submit that such a condition is in the face of the facts in the record untenable and that the records show conclusively and is undenied that the goods were received by the appellee and delivered at Sumrall immediately in a broken and damaged condition, and they cannot justify on such an unwarranted contention under the decision of any court on the broadest construction that can be given them compatible with justice, common sense and reason, and we submit that, under the facts in the record, the burden of proof was on the appellee to show that the damage did not occur on its line through its fault, and invite the court's attention to the case of *Railroad Co.* v. *Tupelo Furniture Co.*, 67 Miss. 35, 7 So. 279; also *Fayson* v. *R. R. Co.*, 69 Miss. 569, 13 So. 37. If the appellee's contention was that this was a case of connecting carriers they would still be liable as the last carrier under the rulings of the court in above-cited cases. There can be no question about the appellee having received this shipment of goods and there can be no question about the appellee's agent having undertaken to issue a bill of lading, and if he issued a bill of lading on one of the blank forms of the I. C. Railroad, or had issued no bill of lading at all, it would make no difference when it was shown that the appellee received the goods for shipment to be delivered at destination, and if there should have been any controversy about this it would have been a case of fact for the jury to have passed upon and would have been error for the court to have given the appellee a peremptory instruction. We submit that this principle is set at rest in the opinion of the court in the case of *Tishomingo Saving Institution* v. *Johnson, Nesbit & Co.*, 40 So. 503.

The delivery of this shipment in question and the acceptance by the appellee's agent at the Union Freight Office of the appellee and the I. C. Railroad at Brookhaven, is *prima facie* evidence of itself and was sufficient without any bill of lading, that the appellees

accepted the goods in question and placed upon them the burden of showing that the goods were not lost nor destroyed on their line of railroad (see *Alabama Midling Ry.* v. *Darby,* 24 So. 713). Where the evidence authorizes the finding that certain goods were delivered to the agent of a railroad company who received them and was made acquainted with their destination, a contract of carriage may be implied, although no bill of lading or receipt was issued for the goods. See *Southern Ry.* v. *Johnson,* 58 So. 333.

Where it has been shown that property was delivered to a common carrier or its duly authorized agents and has not been delivered to the consignee or delivered in a damaged condition, the burden is on them to show that they were not guilty of negligence and liable. See *Whitesides* v. *Russell,* 8 Watts & S. 44; *Van Winkle* v. *South Carolina Ry. Co.,* 38 Ga. P. 32; *Davidson* v. *Graham,* 2 Ohio St. 141. In the opinion of the court in the case of *Railroad Co.* v. *Tupelo Furniture Co.,* 67 Miss. 35, the court said: "Where goods, shipped over connecting lines, are delivered to the consignee in a damaged condition and it is proven that they started on their journey in good condition, the carrier, thus delivering them to the consignee, will be liable for damages unless it shows that the injury did not occur through its fault." And the case at bar is a much stronger case and presents facts showing that no other railroad but the appellees herein handled the goods in controversy, and they now seek to evade the payment of this claim on the grounds that the plaintiff below did not show the appellee to be liable, when in the face of the decisions of all the courts, after it is shown that they came into possession of the goods, the burden was on them to show that it was no fault of theirs, and the objections and technicalities taken advantage of in the lower court is without a parallel, and is not justified by the decision of any appellate court.

It matters not whether a bill of lading was produced or not, or what was on the bill of lading if produced, provided that it was proven that the railroad company received the goods in good condition for transportation. In an action against a common carrier for the loss of goods, his receipt of the goods may be proved without producing a bill of lading or even accounting for the loss of a bill of lading. See *L. N. Railroad Co.* v. *McGuire,* 76 Ala. 295.

*H. S. Buescher,* for appellee.

Appellee here, defendant below, secured a peremptory instruction at the close of appellant's testimony, requiring the jury to find for the defendant. This is assigned as error by appellant, and he quotes in support of his contention, a great deal of law, which is all good, although some of it is obsolete, but which is not in any sense applicable to the facts of this case. This is a suit based on a breach of written contract in which appellant contends that appellee received, in good condition at Brookhaven, Mississippi, and agreed to deliver to appellant at Sumrall, Mississippi, certain household goods specifically set out in said contract. The contract sued on in this case is a written one and is in the form of a bill of lading, and is in evidence. Appellant must stand or fall by its provisions. It speaks for itself. No evidence is competent to vary, change, alter, modify, add to or contradict any of its provisions.

It must stand on its own bottom. This contract shows on its face to have been made by the appellant with the Illinois Central Railroad Company, whose railroad connects with appellee's road at Brookhaven.

To this contract, appellee can, under no theory of law, be held to be a party. It could be held liable, if at all, as a connecting carrier only and the burden of proving that appellee had received the goods sued on in this case, in good condition at its connecting point with the Illinois

Central was on appellant, unless he showed that he had
invoked section 4853, chapter 139, of the Code of 1906.
There is no evidence here that this chapter is relied
upon and the burden of proof, therefore, remained with
the appellant to show that the goods were received by
the Mississippi Central Railroad Company in good con-
dition at Brookhaven, Mississippi. *Railway Company*
v. *Tupelo Furniture Co.,* 67 Miss. 35, to the contrary,
which decision was rendered prior to the enactment of
the section referred to above, and is no longer applica-
ble.

Even should the court hold that there is evidence show-
ing delivery to Mississippi Central Railroad Company
regardless of the Illinois Central Railroad Company's
bill of lading, there is not one word of testimony in this
record to show their good condition at the time of the
alleged delivery. There being no evidence to that effect,
and there being no Mississippi Central Railroad Com-
pany bill of lading in evidence, the burden placed upon
appellant to show delivery of the goods to the appellee
and their good condition at the time of delivery, has
not been met. Note section 4851, chapter 139, Code of
1906, reading as follows: Every bill of lading or other
instrument in the nature or stead thereof, acknowledg-
ing the receipt of property for transportation, shall be
conclusive evidence in the hands of a *bona fide* holder for
value, whether by assignment, pledge, or otherwise, as
against the person or corporation issuing the same, that
the property had been so received. This section makes
a bill of lading, issued by a common carrier, conclusive
evidence in favor of a *bona fide* holder as against the car-
rier receiving the property that the carrier received the
property. *I. C. R. R.* v. *Lancashire Ins. Co.,* 76 Miss. 114,
30 So. 43.

It is elementary that before appellant can recover, he
must prove each and every material fact of the case by
the preponderance of the evidence. Before damages can

.be recovered, it is necessary that the appellant show actionable negligence on the part of the appellee. Actionable negligence is the failure to use such care in the discharges of a given duty as is sustained by the one towards whom the duty exists.

Before appellant was entitled to recover in this case, it was necessary for him to prove, by the preponderance of the evidence, such a violation of duty on the part of the railroad company. This he failed to do, and the motion was therefore properly sustained by the circuit court.

Smith, C. J., delivered the opinion of the court.

This is a suit instituted in the court below by appellant to recover from appellee damages for the breaking of certain household furniture and other articles shipped by plaintiff to himself from Brookhaven to Sumrall. At the close of the evidence a peremptory instruction was granted for appellee, and there was a verdict and judgment accordingly. Brookhaven is the intersection of the roads of appellee and of the Illinois Central Railroad Company, which companies maintain a joint freight depot in charge of a joint agent. The furniture and other household articles in question were delivered by appellant at Brookhaven to this joint agent of the two roads for shipment to Sumrall, a station on appellee's road, and were afterwards delivered by appellee to him in a damaged condition.

The bill of lading issued to appellant by this joint agent when the articles were delivered to him for shipment does not appear in this record. When it was first offered in evidence, it was excluded on the ground that it was signed by this agent as agent of the Illinois Central Railroad Company, and not as agent of appellee; but afterwards it was admitted, and the case tried on the theory that appellee had received the goods from a connecting carrier.

We will assume, without deciding, that appellee's liability is simply that of a connecting carrier, for two reasons: First, because the bill of lading introduced in evidence has not been copied into this record; and, second, on the evidence introduced and sought to be introduced in the court below it is immaterial whether appellee received the goods itself in the first instance, or from a connecting carrier, the rule being:

"Where goods shipped over connecting lines are delivered to the consignee in a damaged condition, and it is proven that they started on their journey in good condition, the carrier thus delivering them to the consignee will be liable for the damage, unless it shows that the injury did not occur through its fault." *M. & O. R. R. Co.* v. *Tupelo Furniture Mfg. Co.*, 67 Miss. 35, 7 So. 279, 19 Am. St. Rep. 262.

According to the evidence the goods were delivered to the consignee in bad condition and appellant offered, but was not permitted, to prove that they were delivered to the initial carrier in good condition. This evidence seems to have been excluded on the theory that delivery to the carrier was thereby assumed, "without proof having been made." Proof of delivery to the carrier, however, had already been made by the bill of lading offered in evidence, and the evidence excluded was competent for the purpose of showing the condition the goods were in when delivered, and should therefore have been admitted.

There is no merit in appellee's contention that the rule announced in the case of *Mobile & Ohio R. R. Co.* v. *Tupelo Furniture Manufacturing Co.*, supra, has been abrogated by section 4853 of the Code of 1906, which section, according to the brief of counsel for appellee, was enacted after that case was decided. This section of the Code provides that upon the occurrence of certain things therein set forth, the loss or damage shall be conclusively presumed to have occurred where the goods were in the

hands of the last carrier, while the rule announced in the Tupelo Furniture Company Case is simply a *prima facie* one, which results solely by reason of the delivery of the goods to the initial carrier in good condition, followed by delivery to the consignee by the last carrier in bad condition.   There is no conflict between the two rules, and one has no bearing on the other.

The motion to exclude appellee's evidence, made at the conclusion of the introduction thereof by counsel for appellee, and which was sustained by the court, was as follows:

"Now comes the defendant and moves the court to exclude all the evidence offered on behalf of the plaintiff, and instruct the jury to find for the defendant, for the reason that there is no evidence here to show that the Mississippi Central Railroad Company was ever in possession of the goods claimed to have been damaged, and, there being no evidence to show that the Mississippi Central Railroad Company ever received the goods, they, of course, could not be held liable for any damages. Second, it has not been shown that, if the Mississippi Central Railroad Company did receive the goods, they were received in good condition; the burden of proof being on the plaintiff to show that they were in good condition."

The evidence that appellee had "received the goods" and had been in possession thereof was the fact that they were transported to Sumrall over its line and by it delivered to appellant.   No evidence was introduced showing that the goods were received by the initial carrier in good condition; but, as hereinbefore stated, it was offered by appellant, and excluded.

Appellant sought to recover, in addition to his actual damages, the penalty provided by chapter 196 of the Laws of 1908, because of appellee's failure to settle his claim within sixty days after it had received written notice of his demand therefor.   Evidence was introduced

that such notice had been given to appellee's claim agent; but it was excluded, on the ground that the writing itself was the best evidence. This ruling was correct. Appellant should have given appellee notice to produce the writing, and, if produced, it constituted the best evidence of its contents; but, if appellee had declined to produce it after receiving a notice so to do, the evidence of its contents sought to be introduced by appellant would then have been competent.

Counsel for appellant testified that he had notified appellee's claim agent in writing of appellant's demand, and had received from this claim agent a letter acknowledging recepit thereof. After proving the loss of the letter, he sought to establish its contents by parol; but, on objection, the court excluded the evidence, and erred in so doing.

The clerk below failed to incorporate the bill of lading introduced in evidence in the court below in this record, and gives no excuse for his failure so to do; consequently, under rule No. 1 (59 So. vii), his fees for making up the transcript will be disallowed.

*Reversed and remanded.*